IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DARRELL EVANS LITTLE, )
 )
       Plaintiff, )
 )
       v. )    1:12CV887
 )
JAMES CLEMMONS, et al., )
 )
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint [Doc. #2] is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff does not name proper defendants, or at least has not stated any claim against the defendants he names. He lists a Sheriff and two jail administrators as defendants, but does not mention them in the factual portions of his complaint or explain how they violated his rights. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights.

2. The facts set out by Plaintiff do not appear to state any claim for relief. He claims that, on December 12, 2011, his "back went out." (Complaint, § V.) He was then sent to the hospital for medical treatment. Then, from December of 2011 to March 22, 2012, he "complained about [his] back and did not receive proper medical attention." (Id.) On March 22, 2012, Plaintiff fell while leaving the shower, hitting his head and back. He was again sent to the hospital and then to a correctional facility for further care. While at the correctional facility, he was diagnosed as having "a Bulging disc with arthiritis build up [sic]." (Id.) It appears that Plaintiff is attempting to state a claim

based on improper medical treatment. To do so, he must allege that Defendants were deliberately indifferent to a serious medical need. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008). "An officer is deliberately indifferent only when he 'knows of and disregards' the risk posed by the serious medical needs of the inmate." Id. "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Plaintiff's Complaint sets out facts that could support a claim that Plaintiff had serious medical needs on December 12, 2011 and March 22, 2012, but it also alleges that he received medical treatment on those dates. It does not allege that the treatment received amounted to deliberate indifference. The Complaint states that Plaintiff complained about his back condition in between those two incidents and that he did not receive treatment. However, Plaintiff sets out no facts to support this vague and conclusory statement.

3. Plaintiff failed to provide a sufficient number of copies. Plaintiff must submit the original, one copy for the Court, and one copy for each defendant named.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 21st day of November, 2012.

                                               /s/ Joi Elizabeth Peake
                                               United States Magistrate Judge